**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| KIMBERLY L. HODGE, | ) |
|         Plaintiff, | ) |
| vs. | )    Case No. 3:22-cv-295 |
| WALMART INC., | ) |
|         Defendant. | ) |

**NOTICE OF REMOVAL**

Defendant, Walmart, Inc., by and through its attorneys, Rynearson, Suess, Schnurbusch & Champion LLC, remove this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446 upon the following grounds:

**VENUE**

1. There is now commenced and pending in the Circuit Court for the Fourth Judicial Circuit, Marion County, Illinois, a certain civil action designated as No. 2021-L-21, in which Kimberly Hodge is plaintiff and Walmart, Inc. ("Walmart") is defendant.

2. Defendant removes this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446(a) because the original action was filed in Marion County, Illinois, which is within the Southern District of Illinois.

**DIVERSITY OF CITIZENSHIP**

3. The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

4. Complete diversity of citizenship exists between plaintiff and defendant as required by 28 U.S.C. § 1332(a).

5. Plaintiff is now and was at the commencement of this action a citizen of the State of Illinois.

6. Defendant Walmart is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas. Walmart is a citizen of the States of Delaware and Arkansas.

## AMOUNT IN CONTROVERSY

7. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

8. In her complaint, plaintiff did not allege any specific injury. Plaintiff claimed that, as a result of the alleged incident, she sustained injuries to "her body, including her head, back, and neck." (Complaint, ¶ 15).

9. Plaintiff further alleged that as a direct and proximate cause of the incident "she has suffered pain and will suffer pain in the future, and she was and will be forced to pay and become liable for various sums of hospital and medical expenses for treatment of her injuries and may be required to seek future medical care, thereby incurring future expense" (Complaint, ¶ 16).

10. Plaintiff finally alleged that she has suffered "a loss of enjoyment of a normal life and was damaged thereby" (Complaint, ¶ 17).

11. Plaintiff's complaint did not allege any specific amount of her damages other than in her prayer for relief she alleged for jurisdictional purposes that she sought damages for a sum "in excess of $50,000" (Complaint).

12. When the complaint itself does not explicitly establish the amount in controversy, the district court may look outside the pleadings to other evidence of jurisdictional amount in the record to determine if the amount in controversy requirement is met. *Meridian Sec. Ins. Co. v.*

*Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006); *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (holding that defendant may establish amount in controversy through interrogatories, contentions, or admissions in state court, calculations of damages in the complaint, reference to plaintiff's settlement demands or informal estimates, or by introducing affidavits from employees or experts about how much it may cost to satisfy plaintiff's demands); *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997).

13. On February 7, 2022, counsel for plaintiff served discovery responses and production on defendant's counsel. Plaintiff's discovery production indicated that plaintiff had sustained injuries to her knee as a result of the incident alleged in the complaint and she had required a variety of treatment including two surgeries—a knee arthroscopic surgery in July 2020 and a total knee replacement in June 2021.

14. Defendant had insufficient information to establish that the amount in controversy was in excess of $75,000 before February 7, 2022, because defendant had limited knowledge of plaintiff's injuries and medical bills and treatment.

15. Based on the alleged past and future medical expenses, alleged pain and suffering, alleged loss of enjoyment of a normal life, and two disclosed surgical procedures, defendant asserts to the Court that a preponderance of the evidence known to date establishes that the amount in controversy exceeds $75,000, exclusive of interest and costs.

**TIMELINESS**

16. Plaintiff filed the Complaint on June 25, 2021, and served defendant with the Complaint and Summons on June 29, 2021.

17. This notice of removal was filed within thirty days after defendant learned the amount in controversy exceeded $75,000 pursuant to 28 U.S.C. § 1446(b) and within one year after commencement of the action pursuant to 28 U.S.C. § 1446(c).

**NOTICE REQUIREMENTS**

18. Written notice of the filing of this removal was given to plaintiff pursuant to 28 U.S.C. § 1446(d).

19. A copy of this notice of removal was filed with the Fourth Judicial Circuit, Marion County, Illinois, as required by 28 U.S.C. §1446(d).

20. A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a).

WHEREFORE, defendant, Walmart, Inc., removes this case to the United States District Court for the Southern District of Illinois and hereby requests that the filing of this notice of removal shall effect the removal of said civil action to this Court.

**DEFENDANT DEMANDS TRIAL BY JURY**.

RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION LLC

By /s/James E. DeFranco
James E. DeFranco, #6181134
Nicholas C. Martin, #6324298
141 Market Place, Suite 104
Fairview Heights, IL 62208
(618) 628-2000
(618) 628-2007 Fax
jdefranco@rssclaw.com
nmartin@rssclaw.com
ATTORNEYS FOR DEFENDANT

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIMBERLY L. HODGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:22-cv-295 |
| ) | |
| WALMART INC., ) | |
| ) | |
| Defendant. ) | |

## **AFFIDAVIT**

STATE OF ILLINOIS      )
                       ) SS
COUNTY OF ST. CLAIR    )

     James E. DeFranco, being duly sworn upon his oath, deposes and states that he is an attorney for defendant herein, that he has read the foregoing Notice for Removal and believes it to be true, and that he makes this affidavit as an agent authorized to execute same on behalf of defendant.

                                           /s/James E. DeFranco
                                           JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 22nd day of February 2022.

                                           /s/Marie G. Agne
                                           NOTARY PUBLIC

"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KIMBERLY L. HODGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:22-cv-295 |
| ) | |
| WALMART INC., ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

James E. DeFranco, after being duly sworn upon his oath, deposes and states that he is an attorney for defendant in the above-entitled cause; that on the 22nd day of February 2022, he sent by e-mail, a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

Affiant further says that on the 22nd day of February 2022, a copy of the Notice for Removal filed herein was also electronically filed with Clerk of the Fourth Judicial Circuit Court, Marion County Courthouse, Illinois.

/s/James E. DeFranco
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 22nd day of February 2022.

"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022

/s/Marie G. Agne
NOTARY PUBLIC